UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YITZCHOK FLAM, *individually and on behalf of all others similarly situated*,

                       Plaintiff,

           v.

NATIONWIDE CREDIT, INC. and JOHN DOES 1-25,

                       Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**
20-CV-3857 (WFK) (PK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Yitzchok Flam ("Plaintiff") sues Nationwide Credit, Inc. ("Nationwide") and several Doe defendants, alleging they violated the Fair Debt Collection Practices Act ("FDCPA") by sending him a deficient letter about his overdue credit card balance. Nationwide moves to dismiss. Because Plaintiff lacks standing, the Court declines to reach the merits of the motion and dismisses this action *sua sponte* for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff incurred a debt with American Express that he failed to pay. *See* Compl. ¶ 21, ECF No. 1. On July 4, 2020, Nationwide sent Plaintiff a letter at American Express's direction. *Id.* ¶ 27. The letter states American Express would send Plaintiff an application for a new credit card if he paid his past-due balance in full and met certain other conditions. *Id.* ¶ 28. The letter alleged Plaintiff's application "will be approved" unless "American Express determines that [he does] not have the financial capacity to make the minimum payment" on the new credit card. *Id.* Plaintiff alleges this condition violates the FDCPA because it creates the false impression that Plaintiff will be approved for a new card when American Express may arbitrarily reject his application for any reason. *Id.* ¶¶ 32-35. He claims he suffered an "informational injury" as a result. *Id.* ¶ 36.

Plaintiff initiated this putative class action on August 21, 2020. *See generally id.* Nationwide moved to dismiss on April 9, 2021. *See* Mot., ECF No. 13.

## DISCUSSION

Plaintiff has failed to demonstrate an injury in fact to establish Article III standing. The Court thus dismisses this action *sua sponte* for lack of subject matter jurisdiction.

Article III of the United States Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). "This limitation is effectuated through the requirement of standing." *Cooper v. U.S. Postal Servs.*, 577 F.3d 479, 489 (2d Cir. 2009). To demonstrate standing, a plaintiff must show "(1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013).

A plaintiff who fails to demonstrate injury-in-fact lacks standing, and federal courts lack jurisdiction to consider their claims. *TransUnion*, 141 S. Ct. at 2203. If the court lacks subject matter jurisdiction, it may dismiss the action *sua sponte*. *See Plante v. Dake*, 621 Fed. Appx. 67, 69 (2d Cir. 2015) (summary order); *see also In re Indu Craft, Inc.*, 630 Fed. Appx. 27, 29 (2d Cir. 2015) ("It is proper . . . for a district court to dismiss an action for lack of subject matter jurisdiction [*sua sponte*] where 'it is unmistakably clear that the court lacks jurisdiction.'") (summary order). When deciding whether subject matter jurisdiction exists at the pleading stage, courts must "accept as true all material facts alleged in the complaint." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). But "argumentative inferences favorable to the party asserting

jurisdiction should not be drawn." *Buday v. N.Y. Yankees P'ship*, 486 Fed. Appx 894, 895 (2d Cir. 2012) (summary order).

Although Congress may identify and elevate intangible harms by statute, bare procedural violations of a statute do not satisfy the injury-in-fact requirement of Article III. *See TransUnion*, 141 S. Ct. at 2200; *see also Spokeo, Inc v. Robins*, 578 U.S. 330 (2016) ("[A] plaintiff [does not] automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."). In *TransUnion*, the Supreme Court explained that a procedural violation of the FCRA, a statute analogous to the FDCPA, is not an injury in fact because it fails to establish concrete harm beyond the statutory violation itself. *TransUnion*, 141 S. Ct. at 2205; *see Adler v. Penn Credit Corp.*, No. 19-CV-7084 (KMK), 2022 U.S. Dist. LEXIS 43518, at *17 (S.D.N.Y. Mar. 11, 2022) (Karas, J.). Instead, "whether a harm qualifies as 'concrete' hinges on 'whether the alleged injury to the plaintiff has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Maddox v. Bank of N.Y. Mellon Trust Co., N.A.*, 19 F.4th 58, 63 (2d Cir. 2021) (quoting *TransUnion LLC*, 141 S. Ct. at 2204). Simply put, "an injury in law is not an injury in fact." *TransUnion LLC*, 141 S. Ct. at 2205.

Following *TransUnion*, the Second Circuit reiterated that "plaintiffs must show the statutory violation caused them a concrete harm, regardless of whether the statutory rights violated were substantive or procedural." *Maddox*, 19 F.4th at 64 n.2. District courts in the Second Circuit have accordingly dismissed FDCPA cases for lack of standing where the complaint fails to allege concrete reputational or monetary harm. *See In re FDCPA Mailing Vendor Cases*, 551 F. Supp. 3d 57, 64 (E.D.N.Y. 2021) (Brown, J.); *Cavazzini v. MRS Assocs.*, 574 F. Supp. 3d 134, 141 (E.D.N.Y. 2021) (Ross, J.); *Sputz v. Alltran Fin.. LP*, No. 21-CV-4663

(CS), 2021 U.S. Dist. LEXIS 233292, at *15 (S.D.N.Y. Dec. 5, 2021) (Seibel, J.); *Ciccone v. Calvalry Portfolio Servs., LLC*, 21-CV-2428 (JS) (JMW), 21-CV-374 (JS) (AYS), 2021 U.S. Dist. LEXIS 228037, at *14 (E.D.N.Y. Nov. 29, 2021) (Seybert, J.).

This case must also be dismissed. Here, Plaintiff claims he suffered an "informational injury" due to the allegedly deficient letter. But that is not enough to establish an injury in fact. *See Rosenberg v. McCarthy, Burgess & Wolff, Inc.*, 21-CV-2199 (MKB), 2022 U.S. Dist. LEXIS 136289, at *13 (E.D.N.Y. Aug. 1, 2022) (Brodie, C.J.) (explaining that allegations of "informational injury" are "insufficient to confer standing in the FDCPA context") (citing cases). Plaintiff does not allege he suffered any other injury. He has thus failed to establish standing.

## CONCLUSION

Because Plaintiff has failed to establish standing, the Court dismisses this case for lack of subject matter jurisdiction. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 6, 2022
      Brooklyn, New York